# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JEREMIAH COOK,** | CASE NO. 3:20 CV 2212 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **KROGER MARKETPLACE,** | |
| Defendant. | **ORDER** |

Plaintiff Jeremiah Cook ("Plaintiff") filed a complaint in this Court September 30, 2020 in which he pleaded three causes of action against Defendant Kroger Marketplace ("Defendant")[1]: (1) gender discrimination, under the Ohio Revised Code; (2) sexual harassment under the Ohio Revised Code; and (3) retaliation under the Ohio Revised Code. (Doc. 1, at 10-13). Defendant filed an Answer on November 20, 2020. (Doc. 9). After a thorough review of the complaint, the Court concludes it lacks subject matter jurisdiction.

A district court may dismiss a complaint for lack of subject matter jurisdiction, *sua sponte*, at any time. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The "well-pleaded complaint" rule governs the presence or absence of federal question jurisdiction; it provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction "extends over 'only those cases in which a well-pleaded complaint establishes either

---

[1]. The complaint also alleged claims against two other defendants, *see* Doc. 1; Plaintiff earlier voluntarily dismissed these claims, *see* Doc. 7.

that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,' . . . in that 'federal law is a necessary element of one of the well pleaded . . . claims'". *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 13, 27-28 (1983)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392.

Here, the complaint does not contain any discernable federal question for purposes of establishing jurisdiction under 28 U.S.C. § 1331. The complaint pleads three counts, each under Ohio state law; there is no federal law cited. *See generally* Doc. 1. Notably, the complaint even cites Ohio's personal jurisdiction statute. *Id.* at 2. These purely state law claims do not allege any violation of federal law and are insufficient to establish federal question jurisdiction.

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's complaint against Defendant (Doc. 1) be, and the same hereby is, DISMISSED without prejudice for lack of jurisdiction in this Court.

                                                 s/ *James R. Knepp II*
                                                 UNITED STATES DISTRICT JUDGE